**DLD-011**                                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3161
_____

DAVID BOOKMAN,
                                            Appellant

v.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-03920)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 3, 2011 )
_____

OPINION
_____

PER CURIAM.

On June 14, 2011, David Bookman, a Pennsylvania state inmate, filed a pleading

styled as a "petition for mandamus," claiming that the District Court erred when it failed

to make a de novo determination after Bookman filed objections to a Report and

Recommendation in his habeas corpus proceeding under 28 U.S.C. § 2254. According to Bookman, the District Court denied the habeas petition (which was docketed at E.D. Pa. Civ. No. 08-cv-05407) without a de novo review under 28 U.S.C. § 636(b), and thereby denied Bookman due process and equal protection of the law.

The District Court dismissed the "petition for mandamus" sua sponte, noting that its order in the habeas case reflects that it considered Bookman's objections and approved of the Report and Recommendation after "careful and independent consideration of the petition." Further, the District Court denied Bookman's motion for reconsideration in the habeas case, and also denied his "Rule 60(b)" motion in which he raised the same argument about a purported lack of de novo review. Bookman timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291 and will affirm. There is no record support for Bookman's contention that the District Court failed to conduct a proper review after he filed objections to the Report and Recommendation in his habeas case. Furthermore, this Court denied a certificate of appealability in the habeas case, explaining that Bookman did not make a substantial showing of the denial of a constitutional right on any of his claims. See C.A. No. 10-1507 (order entered May 26, 2010). In short, Bookman's claim that he was deprived of due process or equal protection in the habeas case is without merit, and his purported "petition for mandamus," therefore, was properly dismissed. We will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4. Bookman's motion for summary action is denied.

2